UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ROBERT L. ROACH, an individual,

    Plaintiff,

v.                                           Case No: 3:14-cv-703-J-39JBT

BANK OF AMERICA CORPORATION,
et al.,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on the Magistrate Judge's Reports and Recommendations (Docs. 46 and 47; Reports), recommending that Defendant, Real Time Resolutions, Inc.'s, Motion to Dismiss (Doc. 9) be granted to the extent that Counts I and III of Plaintiff's Complaint (Doc. 1) against Real Time be dismissed without prejudice, and that Plaintiff be given twenty (20) days to file an amended complaint. The Reports also recommend that Defendant, Bank of America, N.A.'s, Motion to Dismiss (Doc. 6) be granted to the extent that Count II and III of Plaintiff's Complaint (Doc. 1) against Bank of America be dismissed without prejudice, and that Plaintiff be given twenty (20) days to file an amended complaint. Plaintiff was furnished with a copy of the Reports and has been afforded an opportunity to file objections. However, to date, no objections have been filed. Indeed, Plaintiff has twice attempted to file an amended complaint.[1]

_____

[1] Plaintiff's two amended complaints were stricken because they did not comply with Rule 15(a) of the Federal Rules of Civil Procedure (Rule(s)). (See Docs. 50 and 52). Although the Magistrate Judge recommended that Plaintiff have an opportunity to file an

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). If no specific objections to findings of facts are filed, the district judge is not required to conduct a *de novo* review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1). However, the district judge must review legal conclusions *de novo,* even in the absence of an objection. See Cooper–Houston v. Southern Ry., 37 F.3d 603, 604 (11th Cir. 1994).

Upon independent review of the file and for the reasons stated in the Reports and Recommendations, the Court will accept and adopt the factual and legal conclusions recommended by the Magistrate Judge. Accordingly, it is

**ORDERED**:

1. The Magistrate Judge's Reports and Recommendations (Docs. 46 and 47) are **ADOPTED** as the Opinion of this Court.

2. Defendant's Motion to Dismiss (Doc. 9) is **GRANTED** to the extent that Counts I and III of Plaintiff's Complaint (Doc. 1) against Real Time are **DISMISSED without prejudice**.

3. Defendant's Motion to Dismiss (Doc. 6) is **GRANTED** to the extent that Counts II and III of Plaintiff's Complaint (Doc. 1) against Bank of America are **DISMISSED without prejudice**.

---

amended complaint, this Court had not yet adopted that recommendation. Thus, as the Court previously noted in two different Orders, Plaintiff's filing of an amended complaint was premature. Id.

4. Plaintiff shall file an amended complaint remedying the deficiencies noted in the Magistrate Judge's Reports and Recommendations no later than **February 25, 2015**.[2]

5. Plaintiff's Motion for Reconsideration (Doc. 53) is **DENIED**.

**DONE** and **ORDERED** in Jacksonville, Florida this 4th day of February, 2015.

                                          BRIAN J. DAVIS
                                          United States District Judge

mw
Copies furnished to:

The Honorable Joel B. Toomey
United States Magistrate Judge

Counsel of Record
Unrepresented Parties

---

[2] Upon a cursory review of the two amended complaints Plaintiff previously attempted to file (Docs. 49 and 51), Plaintiff failed to cure the "shotgun pleading" nature of his initial Complaint. Plaintiff is cautioned that a shotgun pleading is "altogether unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph County, 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable.") (collecting cases). To be sure Plaintiff understands, a shotgun complaint "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts . . . contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002).